UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    LARRYS OF ITHACA, INC.,　　　　　　　　　　　Case No. 11-22100-dob
        Debtor.　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/
DANIEL C. HIMMELSPACH, Chapter 7 Trustee
of the Bankruptcy Estate of Larrys of Ithaca, Inc.,

    Plaintiff and Counter-Defendant,

v.　　　　　　　　　　　　　　　　　　　　　　　　Adversary Proceeding
　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 11-2151-dob
GRETCHEN CARTER, Successor Trustee of the
Virginia Larry Trust Dated October 2, 1981, and
GRETCHEN CARTER, Successor Trustee of the
Warren Larry Trust Dated October 2, 1981,

    Third-Party Plaintiff and Counter-Defendant,

v.

RUTHANNE LARRY, Individually and as Successor
Trustee of the Gordon Larry Trust,

    Defendant and Third-Party Defendant.
_____/

OPINION REGARDING MOTION FOR RECONSIDERATION OF OPINION DENYING
CROSS-MOTION FOR SUMMARY JUDGMENT OF GRETCHEN CARTER

Introduction

Gretchen Carter, Successor Trustee of the Virginia Larry Trust Dated October 2, 1981, and the Successor Trustee of the Warren Larry Trust Dated October 2, 1981, ("Carter"), requests that this Court reconsider its Opinion denying her Cross-Motion for Summary Judgment. The Court allowed all parties to submit briefs on the Motion for Reconsideration of Gretchen Carter ("Motion") and heard oral arguments. After review of the briefs, the oral arguments, and re-evaluation of the

1

voluminous pleadings and attachments regarding this matter, the Court denies Carter's Motion and directs the parties to clarify their respective positions regarding whether these are core proceedings.

Analysis

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

Carter first argues that there was no genuine dispute of material fact regarding the payment of the life insurance premiums and the ownership of the life insurance policies. As pointed out by Ruthann Larry, the Successor Trustee of the Gordon Larry Trust ("Larry"), a Cross-Purchase Agreement stated that Larry's of Ithaca, Inc. would pay the premiums and charge that amount to each individual's salary or account. Carter claims that the premium was not reflected in any salary, but those proofs, as well as whether any other "account" was charged are not clear. Moreover, the closely held nature of Larrys of Ithaca, Inc., which was operated by a father-son team, coupled with

less than diligent record keeping by those individuals, make any summary proceedings suspect. Also, the law in this area is not clear, as witnessed by Carter's citation to *Jansen v. Tyler*, 151 Or. 268, 49 P.2d 372 (1935) and *Gas-Ice Corp. v. Newbern*, 263 Or. 227, 501 P.2d 1288 (1972) two cases outside the Sixth Circuit. The scant Michigan authority cited by the parties, *Mass. Bonding & Ins. Co. v. Josselyn*, 224 Mich. 159 (1923), involved the creation and imposition of an equitable trust. Carter's request to do so, on a summary judgment basis, is unwarranted.

Carter next argues the Court should reconsider its ruling that a genuine dispute of material fact exists regarding proof of payment to her after promissory notes were marked "replaced", coupled with reference to the debt in minutes and financial records. Larry responds that Carter has not provided any replacement note. Again, the Court sees the need for additional proofs on this issue and is not persuaded that reconsideration or summary disposition is warranted.

Carter continues to argue that there is no genuine dispute of material fact regarding the proper disposition of $222,303.00 paid to Commercial Bank. There is no dispute that $222,303.00 was paid to Commercial Bank, but this alone does not completely address the issue. If the life insurance policy was owned by Larry, then Larry's subsequent claim that she used these monies to support promissory notes issued to her by Larrys of Ithaca, Inc. appears well founded. If not, then her claims are not well founded. What is in dispute is whether Larrys of Ithaca, Inc. or Larry owned these life insurance policies. As this issue is still in dispute, the Court sees no basis to reconsider its Opinion.

In her response, Larry requested the Court reconsider its Opinion as well. Larry claims the promissory notes are not valid and that Carter is not a creditor. Also, Larry argues she owns the life insurance policies. The Court has addressed these issues in regard to Carter's Motion and concludes

3

genuine disputes as to material facts exist such that reconsideration is denied.

Finally, Carter raises the issue of the nature of this proceeding. The Court heard arguments regarding this issue and entered an Order directing the parties to submit briefs and memorandum of law. Subsequently, the deadline to do so was extended. The parties have not filed any such brief or memorandum.

The Court will allow the parties an additional extension to March 31, 2015, to file their brief or memorandum.

<u>Conclusion</u>

The Court denies Carter's Motion for Reconsideration and Larry's Motion for Reconsideration. The Court will allow the parties until March 31, 2015, to file any supplemental brief or memorandum.

**Signed on February 26, 2015**

                                        **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**