UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

| | |
|---|---|
| LARRYS OF ITHACA, INC., Debtor. | Case No. 11-22100-dob<br>Chapter 7 Proceeding<br>Hon. Daniel S. Opperman |

_____/
DANIEL C. HIMMELSPACH, Chapter 7 Trustee
of the Bankruptcy Estate of Larrys of Ithaca, Inc.,

    Plaintiff and Counter-Defendant,

v.     Adversary Proceeding
       Case No. 11-2151-dob

GRETCHEN CARTER, Successor Trustee of the
Virginia Larry Trust Dated October 2, 1981, and
GRETCHEN CARTER, Successor Trustee of the
Warren Larry Trust Dated October 2, 1981,

    Third-Party Plaintiff and Counter-Defendant,

v.

RUTHANNE LARRY, Individually and as Successor
Trustee of the Gordon Larry Trust,

    Defendant and Third-Party Defendant.
_____/

OPINION DENYING MOTION FOR SANCTIONS AGAINST GRETCHEN CARTER,
INDIVIDUALLY, AS SUCCESSOR TRUSTEE OF THE VIRGINIA LARRY TRUST
DATED OCTOBER 2, 1981 AND AS SUCCESSOR TRUSTEE OF THE
WARREN LARRY TRUST DATED OCTOBER 2, 1981, DAVID POWERS,
AND SMITH, MARTIN, POWERS & KNIER, P.C.

Defendant and Third-Party Defendant, Ruthanne Larry, Individually and as Successor Trustee of the Gordon Larry Trust, seeks sanctions against Gretchen Carter, Individually and as Successor Trustee of the Virginia Larry Trust and Warren Larry Trust, and her counsel, David Powers, and his firm, Smith, Martin, Powers & Knier, P.C. Ms. Carter and her counsel deny they committed any sanctionable action. The Court denies the Motion for Sanctions for the reasons

1

stated in this Opinion.

## Findings of Fact

Ms. Larry and Ms. Carter are sisters-in-law. Ms. Larry married Ms. Carter's brother, Gordon Larry. Gordon Larry and his father, Warren Larry, owned shares in Larrys of Ithaca, Inc., and operated a hardware store together. Both have since died, leaving Ms. Larry and Ms. Carter to deal with the aftermath. Ms. Larry chose to continue the business, but it failed, and the Debtor filed a Chapter 11 proceeding, which, after a Motion to Convert was filed by Ms. Carter, was converted to Chapter 7. Prior to the filing of the Chapter 11 petition, Ms. Larry, Ms. Carter, and the Debtor were in state court proceedings in Gratiot County, Michigan.

The Complaint in this adversary proceeding was filed by Debtor, but after the case was converted the Chapter 7 Trustee entered and the parties were realigned. Shortly after the Complaint was filed by Debtor, Ms. Carter filed a counterclaim against Debtor and a Third-Party Complaint against Ms. Larry. The claims, counter-claims, and cross-claims in this proceeding are based on state and federal law. Ms. Larry correctly summarizes the position of Ms. Carter as to her position regarding the jurisdiction of the Court. Originally, Ms. Carter agreed the Court had jurisdiction, later she did not agree. Now, she consents to the jurisdiction of the Court to hear these proceedings. Because of this change in position, Ms. Larry argues that this Court should reimburse her for the costs incurred by her to get a definitive answer to this fundamental question.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Most recently, the United States Supreme Court has determined that so long as the parties knowingly and voluntarily consent, Article III allows bankruptcy judges to adjudicate certain claims. *Wellness Int'l Network, Ltd. v. Sharif*, No. 13-935, 2015 WL 2456619 (U.S. May 26, 2015).

Applicable Law

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Under 28 U.S.C. § 1927, an attorney is liable solely for excessive costs related to his volatile conduct. *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997). The court need not find bad faith; the court may assess fees against an attorney for unreasonable and vexatious multiplication of litigation despite the absence of conscious impropriety. *Jones v. The Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Id.*

As to 11 U.S.C. § 105:

Bankruptcy courts also have the power to sanction an attorney who unreasonably and vexatiously multiplies the proceedings under the general powers granted in 11 U.S.C. § 105(a). *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997).

Section 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Section 105 grants the courts broad powers to implement Title 11 and prevent abuse of the bankruptcy process. An award of sanctions under Section 1927 or under the court's inherent powers is within the court's discretion. *Jones*, 789 F.2d at 1229.

The relevant subsections of Federal Rule of Bankruptcy Procedure 9011 state:

(b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

> (1) *How Initiated.*
>
>> (A) *By Motion*. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not

> be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

<u>Analysis</u>

Viewed from afar, Ms. Carter's positions appear inconsistent and unexplainable. Upon closer examination, however, a principled and logical position exists. From 2011 until May, 2015, four decisions of the United States Supreme Court and the Sixth Circuit Court of Appeals made the issue of the jurisdiction of this Court unclear and the analysis complex. Until *Stern v. Marshall,* ---- U.S. ----, 131 S. Ct. 2594, 2608 (2011), this Court's jurisdiction appeared well set and Ms. Carter's position fit in that framework. After *Stern*, however, the jurisdictional issues were clouded and per *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012), the concept of consent to jurisdiction was not accepted. Subsequently, *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165 (2014) added some clarity. While all were trying to comply with the directions of the courts, what does come through is that Ms. Carter did consent to jurisdiction, but thought that consent was not sufficient. While at times perhaps unartfully stated, that did appear to be her position. By May 26, 2015, however, with *Wellness Int'l Network, Ltd. v. Sharif*, No. 13-935, 2015 WL 2456619 (U.S. May 26, 2015), consent was again a viable basis for jurisdiction. At the May 29, 2015, hearing on the Motion, Ms. Carter's attorney again stated her consent and this put that issue to bed.

All that being noted, Ms. Larry is certainly correct that untold time and effort were expended to get an answer to this question. The reason for this, however, is not Ms. Carter, her attorney, or his firm, but instead decisions of other courts. Other cases suffered the same jurisdictional

convulsions.

Finally, the Court is not quick to sanction parties or counsel when a fundamental and constitutional issue such as jurisdiction is at stake. Perhaps a different result would be reached if this was a discovery dispute where one party took unfounded positions or a thin motion for summary judgment, but not in this case.

For these reasons, the Court does not find the actions of Ms. Carter, Mr. Powers, or his law firm, Smith, Martin, Powers & Knier, P.C., to rise to the level of sanctionable conduct under 28 U.S.C. § 1927, 11 U.S.C. § 105, or Federal Rule of Bankruptcy Procedure 9011.

Ms. Larry's Motion for Sanctions is denied. The Court will enter an Order consistent with this Opinion.

**Not for Publication.**

```
Signed on June 10, 2015
                                         /s/ Daniel S. Opperman
                                    Daniel S. Opperman
                                    United States Bankruptcy Judge
```